Dennis J. LEWIS, Plaintiff-Appellant,

v.

BROWN & ROOT, INC., Defendant-Appellee.

No. 82–2217.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1984.

Certiorari Denied Jan. 16, 1984.

See 104 S.Ct. 975.

Rehearing and Rehearing En Banc Denied Feb. 17, 1984.

Horace R. George, Houston, Tex., for plaintiff-appellant.

Christopher A. Knepp, Houston, Tex., for defendant-appellee.

## OPINION SUA SPONTE

Before GEE, GARZA and TATE, Circuit Judges.

### PER CURIAM:

Despite the absence of a petition for rehearing addressed to our earlier opinion reported at 711 F.2d 1287, we have withheld our mandate because of a concern that we have developed, sua sponte, regarding a portion of the award of attorney's fees against plaintiff's counsel. We now VACATE that award and remand to the trial court for further proceedings as to it and other matters.

■ Our concern regarding the award against counsel arises from the circumstance that the district court awarded the total amount of defendant's attorney's fees against plaintiff's counsel but that its order doing so recites merely that plaintiff's counsel "should have advised Plaintiff not to *proceed to trial....*" It then observes that *"[i]n following this course,* attorney for Plaintiff unreasonably and vexatiously multiplied these proceedings. 28 U.S.C. § 1927 (Supp.1982)." (emphasis added). The order is thus, despite omitted intervening terminology, subject to the construction that it was only on proceeding to actual trial that counsel acted unreasonably and vexatiously. If so, an award against him of fees in the entire proceeding would not be appropriate. On remand, the trial court should reconsider this award, either reducing it proportionately or entering findings that support it.

■ Defendant has now moved for an award of attorney's fees on appeal and double costs. As we conclude that the appeal was in great part frivolous, unreasonable and without foundation and that, in view of the record, it largely constituted an unreasonable and vexatious multiplication of the proceedings in the case, we GRANT the motion and REMAND for a determination by the trial court and award of a reasonable attorney's fee on appeal. Double costs on appeal are GRANTED defendant. Both fee and costs shall, however, be reduced by one-third, and the remaining two-thirds awarded.*

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

TATE, Circuit Judge, dissenting:

For the reasons earlier noted, I respectfully dissent.

I of course concur, insofar as the majority now correctly realizes that it cannot assess a civil rights claimant's attorneys personally with attorney's fees for bringing the claimant's suit and affording him his day in court. However, I dissent from the allowance of attorney's fees against both the claimant and his attorney.

I further find the majority's allowance of double cost for a frivolous appeal, Fed.R. App.P. 38, to be unconscionably wrong. Aside from the circumstance that one of the judges dissented from the affirmance—a dissent that by implication the majority finds to be "frivolous, unreasonable and without foundation"—, the appeal presented an instance almost unique in our case-law where the civil rights claimant's attorney was assessed personally with the defendant's entire attorney's fees, an error that the majority recognizes by remanding for further findings on that issue. Thus, although the majority recognizes that the appellant was entitled to some relief attainable only by an appeal, the majority characterizes that appeal as frivolous and assesses double costs!

---

* We so provide in view of our granting of *some* relief on the appeal, even though it was relief for which plaintiff's counsel made little or no contention, based on a record defect discovered by us—not by counsel.