John M. HAGERTY, Plaintiff-Appellant,

v.

SUCCESSION OF Laura McCloskey
CLEMENT, et al.,
Defendants-Appellees.

No. 84–3353
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1984.

James O. Manning, Metairie, La., for plaintiff-appellant.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Edward D. Wegmann, William J. Guste, Jr., Atty. Gen., Patricia Nalley Bowers, Lisa F. Keegan, New Orleans, La., for defendants-appellees.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The appellant brought this section 1983 action alleging a denial of his right to due process by a state trial judge and other defendants for refusing to grant him a continuance in his state court suit contesting his aunt's will. We affirm the district court's dismissal, and because his appeal is so clearly frivolous, we assess double costs and attorneys' fees against the appellant and his attorney.

I.

The appellant, John M. Hagerty, a nephew and closest living relative of Laura McCloskey Clement, brought suit to contest the probate of Clement's will. Clement died on April 5, 1978 at the age of ninety-six, and her will was probated the following day. Hagerty's intervention was filed in proper person and in forma pauperis on July 14, 1978, while he was incarcerated in a federal correctional institution. Hagerty sought to overturn the will on the grounds of fraud and lack of testamentary capacity.

After Hagerty was paroled he obtained an attorney who amended the pleadings and further alleged formal defects in the probated will. Trial was set for May 14, 1979, in the Orleans Parish Civil District Court in Louisiana. Hagerty's attorney, however, requested and was granted a continuance on May 3, 1979. Trial was reset for June 26, 1979, but a second continuance was requested by Hagerty's attorney and granted on June 21, 1979. On motion of the executor of Clement's estate, Thomas C. Keller, the case was again set for trial, this time on January 29, 1980. Hagerty's attorney, however, withdrew from representation because of continued differences between himself and Hagerty. Hagerty obtained new counsel and on January 21, 1980, eight days before trial, Hagerty's new attorneys requested and received a third continuance. Trial was reset for May 12, 1980, but on May 8, Hagerty's new

attorneys withdrew, citing differences with Hagerty that they could not resolve. The following day Hagerty appeared before the trial court and requested a fourth continuance. Hagerty contended that no witnesses had been subpoenaed by his prior attorneys and that he had insufficient time to obtain other counsel for trial or to serve process upon witnesses. The trial court refused to grant a fourth continuance.

On the day of trial, Hagerty appeared before Judge Melvin J. Duran, objected to the proceedings going forward and then stood mute. Keller's attorney offered to present prima facie evidence of the validity of Clement's will, but Judge Duran instead promptly entered judgment dismissing Hagerty's suit with prejudice. Hagerty then appealed to the Louisiana Fourth Circuit Court of Appeals. He argued that the trial court abused its discretion in refusing to grant the fourth continuance. The appellate court, finding that the three prior continuances had caused a three-year delay in the implementation of Clement's will, affirmed the trial court and held that it did not abuse its discretion in failing to grant the fourth continuance. After the Louisiana Supreme Court unanimously denied Hagerty's petition for a writ of certiorari or review, Hagerty brought an action under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Louisiana.

In his federal action, Hagerty contended that the state trial court, by refusing his request for a continuance, deprived him "of his constitutional right of due process ... by forcing him to go through a litigation without assistance of counsel and without witnesses." He requested the federal district court to order the Orleans Parish Civil District Court to reinstate his Petition of Intervention, or alternatively, to award damages. Hagerty named as defendants in his action the Succession of Laura McCloskey Clement (Succession), Thomas C. Keller, the executor of the estate, Melvin J. Duran, the state trial judge who dismissed the action, and Dan Foley, Clerk of the Orleans Parish Civil District Court.

The appellees moved for dismissal of the action for lack of subject matter jurisdiction and failure to state a claim. The federal district court granted the motions of the appellees and dismissed the suit on May 2, 1984. On May 3, 1984, new counsel was enrolled of record for Hagerty. By and through his new attorney, Hagerty filed a timely notice of appeal on May 9, 1984, which is now before this court.

## II.

Hagerty raises two issues on appeal: whether the state trial court denied him due process of law, and whether the federal district court erred in dismissing his claim. Since resolution of the second issue is dispositive of this appeal, it is not necessary to reach the first point of contention. We hold that the federal district court did not err in dismissing Hagerty's claim. The basis for our decision is that the district court had no subject matter jurisdiction over this section 1983 action, and that Hagerty failed to state a claim upon which relief could be granted. We further find that this appeal is frivolous, and, assess double costs and attorney's fees against Hagerty and his attorney.

## III.

### A.

The federal district court dismissed Hagerty's action under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. We hold that the court was correct in dismissing the action under Rule 12(b)(1). Hagerty presented his constitutional due process claims to the Louisiana Court of Appeals and the Louisiana Supreme Court, but those courts rejected his arguments. The record clearly reflects that Hagerty then

used his section 1983 action to attack the validity of the state trial court's dismissal of his suit contesting the probate of his aunt's will. He did so notwithstanding the well settled rule that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action. *Sawyer v. Overton*, 595 F.2d 252, 252 (5th Cir.1979); *see also Williams v. Tooke*, 108 F.2d 758, 759 (5th Cir.), *cert. denied*, 311 U.S. 655, 61 S.Ct. 8, 85 L.Ed. 419 (1940). The constitutional claims presented by Hagerty to the federal district court, if not identical, were "inextricably intertwined with the state court's denial" of relief; therefore the district court could not have properly reviewed the state court decision. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 1315 n. 16, 75 L.Ed.2d 206 (1983); *Howell v. State Bar of Texas*, 710 F.2d 1075, 1076–77 (5th Cir.1983). To the extent that there was any constitutional error in the Louisiana state courts' decision, sole recourse for Hagerty was to the United States Supreme Court, not to federal district court. *See Kimball v. The Florida Bar*, 632 F.2d 1283, 1284 (5th Cir.1980); *Sawyer v. Overton*, 595 F.2d at 252; *accord Wood v. Orange County*, 715 F.2d 1543, 1546 (11th Cir.1983).

Hagerty raised his constitutional claims in state court but the Louisiana state courts rejected them. He could have appealed to the United States Supreme Court pursuant to 28 U.S.C. § 1257(3), but he failed to do so. Hagerty instead sought review of those same claims in federal district court under section 1983, but Supreme Court and Fifth Circuit precedent clearly prohibits such review. The federal district court, therefore, correctly dismissed Hagerty's suit for lack of subject matter jurisdiction.

### B.

We are further called upon to address Hagerty's contention that the federal district court erred in dismissing his action for failure to state a claim. His contention before the federal district court was that the state trial court denied his federal constitutional right to due process by refusing to grant a fourth continuance. Ordinarily we would not be inclined to give this issue any attention since the judgment in its entirety can be affirmed for lack of subject matter jurisdiction. However, to further demonstrate the frivolousness of the appeal, we will address Hagerty's contentions.

■ We begin by noting that Hagerty named Dan Foley, the Clerk of the Orleans Parish Civil District Court, as a defendant in his complaint, but failed to allege any act or omission on Foley's part that caused him injury. Furthermore, the nature of the alleged constitutional violation would seem to eliminate even the possibility that Foley could have been a party to the claimed offense. Section 1983 affords relief only for conduct committed by persons acting under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155–56, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1978); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir.1984). A person acts under color of state law only when he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law. *Id.* at 333. Foley was without power or authority under state law to grant or deny continuances and therefore he could not have been responsible for the denial of Hagerty's request for continuance. In addition, Hagerty did not allege any sort of conspiracy involving Foley that was designed to deprive him of his constitutional rights. His allegations are wholly conclusory and are not accompanied by facts, which if proven would entitle him to relief. *Id.* at 332 n. 2; *Augustine v. Doe*, 740 F.2d 322, 325 n. 6 (5th Cir.1984). The federal district court properly dismissed the claim against Foley.

■ Next, we hold that the district court did not err in dismissing the claims against

the Succession and Thomas Keller. To sustain an action under 42 U.S.C. § 1983, the plaintiff must prove that the defendant, acting under color of state law, deprived him of a right secured by the Constitution and laws of the United States. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Section 1983 does not reach purely private conduct. *District of Columbia v. Carter*, 409 U.S. 418, 424, 93 S.Ct. 602, 606, 34 L.Ed.2d 613 (1973); *see also Dahl v. Akin*, 630 F.2d 277, 279–80 (5th Cir.1980). Hagerty makes no claim that Keller or the Succession conspired with the state trial court to deprive him of his constitutional right to due process. In fact, his complaint contains no allegations or facts concerning Keller or the Succession at all, only a conclusion that he is entitled to damages. Our review of the record clearly indicates that Keller and the Succession are purely private parties who were not acting under color of state law. Accordingly, they are not subject to a suit under the fourteenth amendment. Even if they were acting under color of state law, however, Hagerty has stated no facts which, if proven, would entitle him to relief. The claims against Keller and the Succession were properly dismissed.

■■■ Finally, we hold that the federal district court did not err in dismissing the claim against the state trial judge, Melvin J. Duran. The United States Supreme Court has clearly established that the assertion of judicial immunity is an absolute

defense in a suit challenging a ruling or order of a court under 42 U.S.C. § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). Judicial officers are immune from liability for damages resulting from their activities in the course and scope of their judicial function. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967); *Watts v. Graves*, 720 F.2d 1416, 1420 (5th Cir.1983). Judge Duran is a party to this lawsuit only because he exercised his judicial discretion in a case properly before his court. The federal district court, therefore, properly dismissed the claim against Judge Duran.[1]

### IV.

The appellees move to dismiss Hagerty's appeal as frivolous pursuant to Fifth Circuit Rule 42.2 and to award double costs and attorneys' fees to them under Fed.R. App.P. 38 and 28 U.S.C. § 1912. The appellees also request sanctions against Hagerty's attorney pursuant to 28 U.S.C. § 1927.[2]

### A.

■■■ Courts of appeals may award damages, including attorney's fees and single or double costs, to an appellee when an appeal is frivolous. 28 U.S.C. § 1912 (1982); Fed.R.App.P. 38; *Lonsdale v. L.L. Smelser*, 709 F.2d 910, 911 (5th Cir.1983); *Cummings v. United States*, 648 F.2d 289,

---

**1.** We note that Judge Duran has since died and there has been no amendment of the complaint to include his estate or any heir thereto in this suit.

**2.** 28 U.S.C. § 1927 (1982) entitled *Counsel Liability for Excessive Costs* provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1912 (1982) entitled *Damages and Costs on Affirmance* provides: "Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."

Rule 38 of the Federal Rules of Appellate Procedure entitled *Damages for Delay* provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

293 & n. 6 (5th Cir.1981); *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 543 F.2d 1106, 1107 (5th Cir. 1976) (per curiam). An appeal is frivolous when it involves legal points not arguable on their merits. *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). In this case, Hagerty's legal contentions lack any arguable merit, and are long-settled against him. *Id.* at 220; *Lonsdale v. Commissioner of Internal Revenue*, 661 F.2d 71, 72 (5th Cir.1981) (per curiam). He has imposed an unnecessary burden on this court and has infringed on the rights of the appellees who are entitled to a prompt adjudication of this dispute, which has been protracted in one form or another for more than six years. *See Maneikis v. Jordan*, 678 F.2d 720, 722 (7th Cir.1982), *cert. denied sub nom.*, 459 U.S. 990, 103 S.Ct. 346, 79 L.Ed.2d 386 (1982). His appeal is clearly frivolous. This is an appropriate case in which to impose sanctions under Rule 38 and 28 U.S.C. 1912.[3]

### B.

We recognize, however, that ignorance of the elements of a section 1983 cause of action and a willful disregard of the jurisdictional requirements of the federal district court are at least equally attributable to Hagerty's attorney. *See Maneikis*, 678 F.2d at 722; *Simon & Flynn, Inc. v. Time, Inc.*, 513 F.2d 832, 835 (2d Cir.1975). To impose damages and costs upon Hagerty alone will not guarantee that his attorney will be directly affected or that he will be deterred from bringing similar frivolous appeals in the future. *Maneikis*, 678 F.2d at 722. The policy underlying the imposition of sanctions therefore would be better served by assessing part of the damages and costs arising from this appeal personally against Hagerty's attorney under section 1927.

■ Section 1927 should be strictly construed because it is penal in nature. *Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1382 (5th Cir.1979), *aff'd in relevant part sub nom. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1295 (5th Cir.1983) (Tate, J., dissenting). We therefore are mindful that we should not perfunctorily assess damages against Hagerty's attorney. In considering the present case, however, we are guided by our recent precedent. *See Lewis v. Brown & Root, Inc.*, 711 F.2d at 1292; *Self v. Self*, 614 F.2d 1026, 1028 (5th Cir. 1980) (per curiam).[4] In *Lewis v. Brown and Root, supra*, we found that a joint award of attorneys' fees by the district court against a plaintiff and his attorney was warranted. 711 F.2d at 1292. There the plaintiff brought a civil rights action against his employer, alleging discrimination because he had been discharged and not rehired on the basis of his race. *Id.* at

**3.** We base our decision to impose sanctions against Hagerty upon Fed.R.App.P. 38 and 28 U.S.C. § 1912. Section 1912 provides that "the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." Rule 38 is entitled "Damages for Delay," but the body of the rule only provides that damages may be awarded for frivolous appeals. The appellees in this case have not actually alleged that this appeal has caused unreasonable delay; however, "the courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay." *State of Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 87 n. 1 (5th Cir.1982); Fed.R.App.P. 38 Advisory Committee Notes; *see*

*also Cummings v. United States*, 648 F.2d 289, 293 & n. 6 (5th Cir.1981); *Dunscombe v. Sayle*, 340 F.2d 311, 311 (5th Cir.), *cert. denied*, 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965).

**4.** In *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757–59, 100 S.Ct. 2455, 2459–61, 65 L.Ed.2d 488 (1980), the Supreme Court held that attorneys' fees could not be assessed against a litigant's attorney pursuant to 28 U.S.C. § 1927. Congress, however, amended the statute in 1980 expressly to allow such an award. Pub.L. 96–349, 94 Stat. 1156 (codified as amended at 28 U.S.C. § 1927 (1982)). *See Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1292 n. 7 (5th Cir. 1983).

1288. We found that the action was frivolous, unreasonable and without foundation because the plaintiff could not demonstrate, even by inference, any unlawful discrimination. *Id.* at 1291. We therefore upheld the district court's joint assessment of attorneys' fees against the plaintiff and his counsel. *Id.* at 1292.

Equally instructive for us today is the panel opinion on rehearing which responded to the defendant's motion for an assessment of attorney's fees and double costs on appeal. *Lewis v. Brown & Root, Inc.*, 722 F.2d 209, 210 (5th Cir.1984) (per curiam). The panel concluded that "the appeal was in great part frivolous, unreasonable and without foundation, and that, in view of the record, it largely constituted an unreasonable and vexatious multiplication of the proceedings in the case...." It therefore remanded to the district court for a determination and award of attorney's fees and double costs for the appeal. *Id.*

Here, counsel for Hagerty has cited only one case in his entire brief to support his position that the federal district court erred in dismissing Hagerty's claim. Moreover, he did not even attempt to address the jurisdictional issue, which is the very essence of the district court's judgment. *See Maneikis*, 678 F.2d at 722. This appeal is certainly frivolous, and it has unreasonably and vexatiously multiplied the proceedings in a case that has been in the courts for more than six years. Sanctions under section 1927 are clearly warranted. We therefore grant the appellees' motions to award double costs and attorneys' fees against Hagerty and his attorney, but rather than determining the amounts and the apportionment between Hagerty and his attorney on appeal, we remand to the district court for those determinations. *See Lewis*, 722 F.2d at 210; *Self*, 614 F.2d at 1028; *Exhibitors Poster Exchange*, 543 F.2d at 1107.

## V.

In summary, we affirm the district court's dismissal of this action for lack of subject matter jurisdiction and failure to state a claim. Further, because the appeal is frivolous, we grant the appellees' motions to assess double costs and attorneys' fees against the appellant. Attorneys' fees and double costs will be determined and apportioned between Hagerty and his attorney on remand. We therefore remand to the district court for further proceedings not inconsistent with this opinion.

JUDGMENT AFFIRMED; MOTIONS OF APPELLEES GRANTED.