ALCAN ALUMINUM
CORPORATION, Plaintiff,

v.

LYNTEL PRODUCTS, INC., Brian C. Egan, Honorable George A. Higgins, Judge, Cook County Circuit Court, Defendants.

No. 85 C 10006.

United States District Court,
N.D. Illinois, E.D.

March 27, 1987.

Darlene A. Vorchek, Sidley & Austin, Chicago, Ill., Lawrence A. Salibra II, Peter D. Miller, Gorden P. Becker, Alcan Aluminum Corp., Cleveland, Ohio, for plaintiff.

George J. Cotsirilos, Robert M. Stephenson, Matthew F. Kennelly, Cotsirilos & Crowley Ltd., Chicago, Ill., for respondents, Lawrence Salibra II, Peter Miller, and Gorden Becker.

Terry McDonald, Patrick J. Agnew, Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, Senior District Judge.

Judgment was entered against Alcan Aluminum Corporation in the Circuit Court of Cook County for breach of contract and, having appealed in the courts of Illinois, it filed this civil rights suit seeking a declaration that the judgment was null and void and an injunction restraining its enforcement. The following is the factual background of this controversy.

## I

Alcan was sued by Lyntel Products for breach of contract; and after a bench trial presided over by Judge George A. Higgins, a judgment was entered against it for $100,000. Alcan appealed to the appellate court of Illinos under various legal theories. The court reversed and remanded the case to Judge Higgins, holding that liability should not have been imposed on Alcan without a determination whether payment of front money was a condition precedent to the formation of the contract. *Lyntel Products Inc. v. Alcan Aluminum Products Corp.,* 107 Ill.App.3d 176, 63 Ill.Dec. 4, 437 N.E.2d 653 (1st Dist.1981).

On remand, Alcan requested an evidentiary hearing which it claimed was necessary for the record. Judge Higgins denied Alcan's motion and made the required factual finding on the basis of his recollection of the case. In his findings he stated that prior to imposing liability on Alcan, he had weighed all the evidence and "did then and does now determine that the payment of front money by plaintiffs to defendants was not a condition precedent to the formation of their contract." *Lyntel Products Inc. v. Alcan Aluminum Corp.,* No. 75 L 11387 (Cir.Ct. Cook Co., Ill.; February 25, 1983). Accordingly, he again entered judgment for Lyntel.

Alcan appealed to the appellate court of Illinois, this time claiming as one of its contentions that the trial court erred by entering judgment without holding a full hearing on whether the payment of front money was a condition precedent to the formation of the contract. The appellate court, without an opinion, affirmed Judge Higgins' decision, holding that his failure to hold an evidentiary hearing was not error. *Lyntel Products Inc. v. Alcan Alu-*

*minum Corp.,* No. 83–729, Rule 23 Order at 5 (Ill.Ct.App. Dec. 24, 1984) [132 Ill. App.3d 1159, 98 Ill.Dec. 836, 494 N.E.2d 958 (table)]. Alcan asked for rehearing which was denied; it then petitioned the Supreme Court of Illinois for leave to appeal, which was also denied. No petition for a writ of certiorari from the Supreme Court was filed.

Alcan then instituted this suit, alleging violation of its constitutional rights. In Count I of its amended complaint[1] it alleged that the judgment entered against it, based on a factual finding that was made without an evidentiary hearing, was a denial of due process under the Fourteenth Amendment. In Count II, it alleged that the judgment imposed was a denial of due process in violation 42 U.S.C. § 1983.[2] Alcan sought a judgment declaring that the state court judgment was null and void and a preliminary and permanent injunction restraining enforcement and execution of that judgment.

On June 13, 1986, this court granted defendants' motion to dismiss the suit with prejudice, concluding that it lacked subject matter jurisdiction over Alcan's claim, one which in essence sought to relitigate issues that had been adjudicated against it in the state court. *Alcan Aluminum Corp. v. Lyntel Products Inc.,* No. 85 C 10006 (N.D. Ill. June 13, 1986) [Available on WEST-LAW, DCTU database]. In its opinion, the court held that Judge Higgins was clearly an improper party to this suit; noting that he had simply entered judgment in a case where he had jurisdiction over the parties and the subject matter. Based on these considerations, on its own motion, this court entered a rule against Lawrence A. Salibra II, Peter D. Miller and Gordon P. Becker, attorneys for Alcan,[3] to show

1. Alcan filed its original complaint naming only Judge Higgins as a defendant. Approximately one month later, prior to the filing of a responsive pleading, it amended the complaint to add as defendants Lyntel Products and Brian C. Egan, who were plaintiffs in the state court suit.

2. As noted in this court's memorandum of June 13, 1986, plaintiff's claim of a "violation of 42 U.S.C. § 1983" is inaccurate. Section 1983 does not create any substantive rights which may be

violated, but merely provides remedies for deprivations of rights established elsewhere. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791 (1985) (citing *Baker v. McCollan,* 443 U.S. 137, 140, 144 n. 3, 99 S.Ct. 2689, 2692, 2694 n. 3, 61 L.Ed.2d 433 (1979)).

3. Lawrence A. Salibra II signed the complaint; the names of Mr. Salibra, Peter D. Miller and Gordon P. Becker were typed beneath the signa-

cause why, pursuant to Rule 11, Fed.R. Civ.P., they should not be ordered to pay costs and attorneys' fees each defendant incurred in procuring dismissal of this case and $15,000 into the court's registry. In issuing the rule, the court determined that Alcan's suit had no basis in law; and that this court's dismissal of the suit was based on well known principles of federal jurisdiction which "are known by competent attorneys generally, or which any prudent lawyer can ascertain." *Id.* at 11.

## II

Now before the court is respondents' return to the rule.[4] They argue that Rule 11 sanctions are appropriate only where the pleader has no plausible good faith argument for his view of the law. They contend that *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), provided a plausible good faith argument that this court had subject matter jurisdiction over the complaint attacking the constitutionality of state court procedures. They assert that the claim that state court rules and procedures denied Alcan procedural due process is comparable to the constitutional claim raised in *Feldman* over which the Supreme Court found federal district courts have jurisdiction, and that the constitutionality of these procedures can be adjudicated independently from the merits of the state court suit. They insist that federal law permits a party to a state suit to later attack the procedures with constitutional challenges not raised in the state suit.

Judge Higgins has responded. He was the only defendant named in the original complaint and one of the defendants named in the amended complaint. The only action

that he took which respondents presumed made him a proper defendant to this suit was entering judgment against respondents' client in the state court proceedings. In his response, he argues that the conclusions reached by this court in dismissing the complaint show that it was not based on a plausible view of the law and was contrary to well established precedent. He asserts that *Rhoades v. Penford,* 694 F.2d 1043 (5th Cir.1983), relied on by Alcan in bringing suit, was rejected by this court. At the very least, he argues, respondents should have dismissed him from the suit once Lyntel Products was made a defendant. He contends that sanctions may be imposed when a plaintiff sues without sufficient basis to include a party as a defendant; and where a litigant attempts to use the Civil Rights Act to avoid a state court judgment against it. He claims Alcan's suit was contrary to established precedent and was therefore devoid of any reasonable inquiry as to the legal merits of the claim. Thus, he concludes he is entitled to expenses incurred in securing dismissal of this suit.

Brian C. Egan has also responded. Respondents named him as a defendant in the amended complaint when he, along with Lyntel Products Inc., sought to enforce the state court judgment. He argues that the only allegations against him in the suit were that he availed himself of the state courts to obtain a judgment and that these allegations presented no ground for federal relief. He contends there was no constitutional issue in this case and respondents' action was merely an attempt to relitigate in federal court an adverse ruling by the state court. He asserts that the question whether refusal of the state trial judge to hear evidence on remand was proper is

---

ture. In issuing the rule on all three attorneys, this court implicitly determined that the three acted together.

**4.** Respondents do not dispute the court's implicit determination that Messrs. Salibra, Miller and Becker acted together, with Mr. Salibra signing the complaint. The court respectfully disagrees with the ruling of the fifth circuit in *Robinson v. National Cash Register Co.,* 808 F.2d 1119 (5th Cir.1987), holding that an attorney must sign a

document in order to have Rule 11 sanctions imposed on him. We instruct jurors that whatever a person is legally capable of doing he can do through another person by causing that person to perform the act. E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions,* § 12.07 (3d ed. 1977); Committee on Federal Criminal Jury Instructions of the Seventh Circuit, *Federal Criminal Jury Instructions of the Seventh Circuit,* § 5.07 (1980).

simply not a constitutional issue; and consequently, this suit was not well grounded in fact or warranted by existing law. Therefore, he argues he is entitled to fees and costs pursuant to Rule 11.

In reply, respondents argue that this court recognized the proposition of law for which the *Rhoades* decision stood, but rejected it and held that the allegations of the original and the amended complaint failed to state a claim for deprivation of due process. Thus, respondents assert this court accepted the theory of law under which this case was filed but concluded that the allegations of the complaint failed to state a constitutional claim. For this reason, they contend that imposition of sanctions is inappropriate in this case.

### III

■ Under Rule 11, Fed.R.Civ.P., a lawyer has a duty to limit litigation to contentions well grounded in fact and warranted by existing law, or a good faith argument for its extension or modification. *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir.1985). Under the 1983 amendment to the rule, the requirement of bad faith has been eliminated; the standard is now an objective one of reasonableness under the circumstances. *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 205 (7th Cir.1985). Sanctions are proper "where a competent attorney after reasonable inquiry, must say a claim was destined to fail." *Zick v. Verson Allsteel Press Co.*, 623 F.Supp. 927, 932 (N.D.Ill.1985).

Since the rule was amended, the court of appeals for this circuit has not hesitated to impose sanctions to discourage groundless litigation. *See e.g., Dreis & Krump Mfg. Co. v. International Ass'n of Machinists*, 802 F.2d 247 (7th Cir.1986); *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir.1986); *In re TCI Ltd.*, 769 F.2d 441 (7th Cir.1985). It has imposed sanctions on its own motion to "remind counsel that they may not make assertions of law for which there is no

support," *Thornton*, 787 F.2d at 1153, and has held it is an abuse of discretion for the district court to decline to impose sanctions in appropriate circumstances. *Dreis*, 802 F.2d at 255. In *Dreis*, the court noted:

"It is human nature to crave vindication of a passionately held position even if the position lacks an objectively reasonable basis in the law. But the amended Rule 11 makes clear that he who seeks such vindication in such circumstances and fails to get it must pay his opponent's reasonable attorney's fees ... [F]or such conduct the law authorizes sanctions that this court will not hesitate to impose." *Id.*

It is under this standard then, that respondents' conduct must be assessed.

At the outset, the court notes that *Rhoades v. Penford*, 694 F.2d 1043 (5th Cir.1983), relied on by respondents in bringing this suit, has never been followed by any court. Contrary to respondents' assertions, *Rhoades* was decided two months *prior* to *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and was thus quickly outdated. The standard as to when a district court has subject matter jurisdiction over a claim attacking the constitutionality of a state procedure or rule became that announced in *Feldman*. Under *Feldman*, this court does not have jurisdiction over actions in which the constitutional claims presented are "inextricably intertwined" with a state court judgment. *Id.* at 486–87, 103 S.Ct. at 1316–17. It is this precedent, and not *Rhoades*, that respondents, as well as this court, were bound to follow.[5]

Simple research into post-*Feldman* case law would have revealed to respondents the total lack of support for their action in filing this suit. *Hagerty v. Succession of Clement*, 749 F.2d 217 (5th Cir.1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 333, 88 L.Ed.2d 317 (1985), is but one example that

---

5. Respondents attempt to mischaracterize this court's ruling dismissing the suit as a dismissal for failure to state a claim, rather than dismissal based on lack of subject matter jurisdiction. This conclusion can only be reached by reading portions of this court's memorandum of June 13, 1986 completely out of context. The court's reliance on *Feldman* makes clear that this suit was dismissed for lack of subject matter jurisdiction.

should have served as an indication to respondents that *Rhoades* was no longer good law in the wake of *Feldman*.

In *Hagerty*, appellant brought a § 1983 action alleging denial of his due process rights by the state trial judge's refusal to grant a continuance in the state court suit contesting his aunt's will. When the trial judge denied his fourth continuance, he appealed to the state appellate court, arguing the trial court abused its discretion in refusing to grant the continuance. The state appellate court held there was no abuse of discretion. When the state supreme court denied the petition for a writ of certiorari, he brought an action under 42 U.S.C. § 1983 against the executor of the estate and the state trial judge, among others. The court of appeals affirmed the district court's dismissal of the suit, noting that appellant attempted to use the § 1983 action to attack the validity of the state trial court's judgment, "notwithstanding the well-settled rule that a plaintiff may not seek reversal of a state court judgment simply by casting his claim in the form of a civil rights action." *Id.* (citing *Sawyer v. Overton*, 595 F.2d 252 (5th Cir.1979)).

The court held that appellant's constitutional claims, if not identical, were "inextricably intertwined" with the state court's judgment and were therefore impermissible under *Feldman*. The court concluded that the district court properly dismissed the suit for lack of subject matter jurisdiction. *Id. see also Reed v. Terrell*, 759 F.2d 472 (5th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 343, 88 L.Ed.2d 290 (1985); *Anderson v. State of Colorado*, 793 F.2d 262 (10th Cir.1986). In addition, the *Hagerty* court awarded attorney's fees to appellees, holding that the appeal was frivolous in that "Hagerty's legal contentions lack any arguable merit, and are long-settled against him." *Id.* (citations omitted).[6]

■ More recently, in a similar case, the fifth circuit upheld the district court's imposition of sanctions under Rule 11 and imposed additional sanctions pursuant to F.R.A.P. 38. *Hale v. Harney*, 786 F.2d 688 (5th Cir.1986). In *Harney*, appellant brought suit pursuant to § 1983 against a state judge and others, contending they conspired to deprive him of his constitutional rights in a divorce proceeding in the state courts. The fifth circuit held that the suit was inextricably intertwined with the state court decree of divorce and that much of the relief sought by appellant involved a modification of that decree. In upholding the district court's imposition of sanctions under Rule 11 the court stated:

> [A] "reasonable inquiry" could not have led counsel to believe the other allegations of the pleading to be well-grounded in law, asserting as they do a cause of action against the state judge which had been legally hopeless for over one hundred years and one against the other defendants that had been so at least since the Supreme Court's 1983 decision in *Feldman*. *Id.* at 692.

*Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133 (2d Cir.1986), *prob. juris. noted*, — U.S. —, 106 S.Ct. 3270, 91 L.Ed.2d 561 (1986), relied on by respondents as support for their position, is clearly distinguishable. In *Texaco*, appellant obtained a $11.12 billion judgment against appelleee in the Texas state court. Under the Texas Rules of Civil Procedure, in order to stay execution of judgment pending appeal, Texaco would

---

6. Contrary to respondents' assertions, their failure to raise their due process claim in the state court does not "preserve" their right to raise it here. The Court in *Feldman* noted that "a petitioner's failure to raise his constitutional claims in state court does not mean that a United States District Court should have jurisdiction over the claims". 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16; *see also Lynk v. LaPorte Superior Court No. 2*, 789 F.2d 554, 564 (7th Cir.1986); *Reed v. Terrell*, 759 F.2d 472, 473 n. 3 (5th Cir.1985); *cf.*

*Fellowship of Christ Church v. Thorburn*, 758 F.2d 1140, 1144 (6th Cir.1985). Thus, even a general attack on the constitutionality of a statute or rule may be barred by res judicata or collateral estoppel principles. *But see Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1134 (2d Cir.1986), *prob. juris. noted*, — U.S. —, 106 S.Ct. 3270, 91 L.Ed.2d 561 (1986) (federal review of issues a party could have raised in state court proceeding but chose not to are not barred).

be required to post a supersedeas bond payable to Pennzoil in at least the amount of the judgment. Texaco could not meet the bond requirement and filed suit in district court alleging that the Texas judgment and enforcement of it through the Texas lien and supersedeas bond provisions violated its constitutional rights. *Id.* at 1136–37.

The second circuit held that the *Feldman* doctrine did not bar a federal court from exercising jurisdiction over Texaco's claims that the Texas bond provisions denied its due process and equal protection rights, concluding that these claims were not inextricably intertwined with the state court judgment. First, the court reasoned, this was not a collateral attack on the Texas judgment. Second, it noted that Texaco did not have a fair opportunity to obtain a timely final resolution of the claims in the Texas courts and the United States Supreme Court before it would be irreparably harmed by the Texas bond provisions.

The court was careful to note that its decision was a narrow one, and was based in part, "upon the extraordinary circumstances of this case, which are unlikely ever again to recur: a private civil money judgment in an amount unprecedented in the annals of legal history ... and the likelihood that immediate enforcement of the Texas lien and bond provisions would lead to irreversible destruction of the debtor before its appeal could be heard on the merits, thus robbing its right of appeal of any meaning and effect." *Id.* at 1157.

As can be seen from this recitation, *Texaco* involved unique facts that virtually preclude generalizations. First, the attack on the mandatory lien provisions in *Texaco* arguably was not inextricably intertwined with the state court judgment. Second, Texaco essentially would be deprived of its right to appeal by enforcement of the bond

provisions. Here, no rational argument could be made that Alcan's claims were not inextricably intertwined with the state court judgment; and Alcan was not deprived of its right to appeal. Thus, *Texaco* cannot be said to provide support for respondents' position.[7]

## IV

■ An even more fundamental problem with this suit, although not relied on by the court in dismissing the case, is that when respondents filed it naming only Judge Higgins as a defendant, there was no case or controversy. Although an injunctive suit against a judge is not prohibited when the suit aims at restraining the judge from depriving persons of their federal rights, *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), Article III imposes limitations on the availability of such relief. *Id.* at 538 n. 18, 104 S.Ct. at 1979 n. 18 (citing *In re Justices of the Supreme Court of Puerto Rico,* 695 F.2d 17, 21 (1st Cir. (1982)). In *Justices,* the first circuit held judges are not proper defendants in § 1983 suits challenging the constitutionality of state statutes. The judge is simply a neutral adjudicator; his position is not adverse to that of a plaintiff. A state judge is therefore not a proper defendant in such a suit because he has no stake in upholding the challenged practice. *E.g., R.W.T. v. Dalton,* 712 F.2d 1225, 1232–33 (8th Cir.), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983).[8]

Judge Higgins merely entered judgment against Alcan; he had no interest in enforcing the judgment or upholding its validity. There is no dispute that the judgment was rendered in adversary proceedings that were within the scope of authority granted to the state court judge. As such, respondents' remedy was through the Illinois appellate court and, ultimately, review by the

---

7. It must be noted that *Texaco* was decided after respondents filed this suit. Since Rule 11 mandates a pre-filing inquiry, this case cannot provide support for respondents' position when they filed suit.

8. Like this court, both the first circuit in *Justices* and the eighth circuit in *Dalton* declined to base their holding on a lack of case or controversy under Article III. *Justices,* 695 F.2d at 22–23; *Dalton,* 712 F.2d at 1232 n. 10.

United States Supreme Court. *Id., see also Hagerty,* 749 F.2d at 221 (state court judge properly dismissed).

The court finds from the record that the sole reason respondents filed this suit was to harass Lyntel and prevent collection of the judgment. Based on these considerations, the court concludes that the circumstances of this case warrant the imposition of sanctions. "Any court can reasonably expect an attorney to be at least somewhat familiar with the appellate process and to know that appeals to unfavorable decisions are not made through independent lawsuits against the judicial officer rendering such decisions." *Affeldt v. Carr,* 111 F.R.D. 337, 340 (N.D.Ohio 1986). Respondents had no objective basis to believe this suit was warranted by existing law and made no argument for a good faith extension or modification of existing law.

Accordingly, the Rule to Show Cause is made absolute; defendants are entitled to an award of attorneys' fees and expenses occasioned by respondents' baseless suit. The award is assessed against Lawrence A. Salibra II, Peter D. Miller and Gordon P. Becker, jointly and severally, as attorneys of record for Alcan Aluminum Corporation. Defendants are asked to submit a statement, supported by an appropriate schedule under oath, detailing the amount of fees and costs sought. Respondents will be given an opportunity to question or contest the reasonableness of defendants' request.

■ Further, the court imposes on Lawrence A. Salibra II, Peter D. Miller, and Gordon P. Becker, jointly and severally, a $15,000.00 fine payable to the clerk of this court for deposit into the court's registry, as a sanction for respondents' abuse of the judicial process in filing this suit. *Itel Containers Int'l Corp. v. Puerto Rico Marine Mgt., Inc.,* 108 F.R.D. 96, 106 (D.N.J.

1985); *Olga's Kitchen of Hayward, Inc. v. Papo,* 108 F.R.D. 695, 711 (E.D.Mich.1985).[9]

So ordered.

---

9. By issuing the rule to show cause affording respondents an opportunity to answer and request a hearing, the court is confident that it has satisfied the procedural protections noted by some courts as necessary when a fine is imposed under Rule 11 as punishment. *See Donaldson v. Clark,* 786 F.2d 1570, 1576–77 (11th Cir.1986); *Cotner v. Hopkins,* 795 F.2d 900, 903 (10th Cir.1986).