14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Thomas JOYCE, Plaintiff/Appellant,
v.
Mary K. FOSTER, also known as Mary Klatt, Jerome Larkin,
Defendants/Appellees.
 No. 92-3561.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 20, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Thomas Joyce appeals the district court's dismissal of his civil rights action brought under 42 U.S.C. Sec. 1983 because his complaint was filed after the expiration of the statute of limitations period. Fed.R.Civ.P. 12(b)(6). We affirm.
 
 
 2
 The Attorney Registration and Disciplinary Commission (ARDC) commenced disciplinary proceedings against Joyce, an Illinois attorney, for conversion of client funds. Both the Hearing Board and Review Board of the ARDC found that Joyce engaged in professional misconduct and recommended that he be suspended from the practice of law in Illinois for two years. The Illinois Supreme Court adopted those recommendations. In Re Joyce, 549 N.E.2d 232 (Ill.1990).
 
 
 3
 Joyce thereafter brought this Sec. 1983 complaint alleging that the ARDC violated his free speech and association rights under the First Amendment by preventing his attorney from representing him at a witness's deposition, which was later admitted into evidence before the Hearing Board. Joyce also alleged that his due process rights under the Fifth and Fourteenth Amendments were violated because the ARDC prevented him from cross-examining the witness at the evidence deposition. The ARDC filed a motion to dismiss, which the district court granted on the ground that Joyce missed Illinois's two year statute of limitations period. See Wilson v. Garcia, 477 U.S. 317, 322-24 (1986) (federal courts look to state personal injury statute of limitations periods in Sec. 1983 claims).
 
 
 4
 Joyce acknowledges that the district court lacked subject matter jurisdiction to collaterally review a final attorney disciplinary order of the Illinois Supreme Court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1982). He claims that his Sec. 1983 action does not seek review of the state court judgment, and therefore the district court had jurisdiction. It is well settled that "a plaintiff may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993) (citing Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir.1984)). Here, application of the Rooker-Feldman doctrine requires dismissal of this action for lack of subject-matter jurisdiction. The two prong test of Rooker-Feldman asks first whether the attorney disciplinary proceedings against Joyce was a judicial proceeding, and second whether Joyce's claims are so inextricably intertwined with those proceedings so as to make review of the claims an impermissible review of the state judicial proceeding. Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 597 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993).
 
 
 5
 The first prong of Rooker-Feldman has been met. The ARDC Hearing Board held a hearing and allowed the presentation of witnesses and the introduction of the evidence deposition. The case then went before the Review Board, and ultimately to the Supreme Court, where Joyce's suspension was imposed. Leaf makes clear that such proceedings are judicial. See id.; Greening v. Moran, 953 F.2d 301, 305 (7th Cir.), cert. denied, 113 S.Ct. 77 (1992) (attorney disciplinary proceeding before state supreme court is judicial in nature).
 
 
 6
 The second prong of Rooker-Feldman has also been met. But for the disciplinary proceedings brought against Joyce, there never would have been an evidence deposition taken. The company whose funds Joyce had comingled was represented by this witness, who would be unavailable for trial. The admission of that deposition was a matter for the Hearing Board, and the Illinois Supreme Court held that the Board did not abuse its discretion in doing so. In Re Joyce, 549 N.E.2d at 233; See Leaf, 979 F.2d at 599-600 (although not identical, the claims are inextricably intertwined with those before the state Supreme Court). Because Joyce's alleged injury is so closely tied to the state court proceedings, we affirm the district court's dismissal of Joyce's Sec. 1983 claim on this ground for lack of subject-matter jurisdiction.[1] See Gash Associates v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir.1993). The only avenue for federal review is the United States Supreme Court. See id. at 729.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Because we do not reach the merits of Joyce's Sec. 1983 claim, we deny his motion to strike certain assertions of fact in appellees' brief