Conchita BROOKS–JONES, Plaintiff,

v.

Eddie B. HONES, Jr., Defendant.

No. 94 Civ. 1993 (DAB).

United States District Court,
S.D. New York.

Feb. 8, 1996.

No appearance, for plaintiff.

No appearance, for defendant.

## MEMORANDUM AND ORDER

BATTS, District Judge.

Conchita Brooks–Jones brings this action alleging federal causes of action for violations of 42 U.S.C. §§ 1983, 1985, 1988, and the

First, Fourth, Eighth and Fourteenth Amendments. For the reasons stated herein, Plaintiff's complaint is dismissed *sua sponte,* pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction.

## BACKGROUND

According to the Complaint, the facts are as follows: The Plaintiff, Conchita Brooks–Jones ("Brooks–Jones"), and her ex-husband Eddie B. Jones, Jr. ("Jones")—the Defendant—were married in New York on May 5, 1984. The couple lived in the State for approximately one year, until May 1985, and subsequently moved to New Jersey. Their son Edward B. Jones III was born on February 8, 1985. The couple resided together in New Jersey with their son until October of 1986, at which time Defendant Jones left the Plaintiff and moved to Pennsylvania. Plaintiff returned to New York with her son in or around June 1987 and has resided there since.

On April 8, 1992 a default judgment of divorce was granted in favor of defendant Jones. Jones was also granted temporary custody of the couple's son and child support payments previously granted to Brooks–Jones were suspended. Brooks–Jones answered the divorce complaint, but objected to the jurisdiction of the New Jersey Superior Court and reserved her right to later contest it. The request of Brooks–Jones for a hearing to contest jurisdiction was denied. Further, on April 27, 1992, the Superior Court of New Jersey issued an order restraining Brooks–Jones from any action to recover custody in the Courts of New York State and directing Brooks–Jones to relinquish the infant to the custody of his father. Plaintiff subsequently brought suit in this court claiming violations of 42 U.S.C. § 1983.

## DISCUSSION

The United States Supreme Court has held that federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 462, 103 S.Ct. 1303, 1304, 75 L.Ed.2d 206 (1983). The Supreme Court itself is the only court that may give appellate review to state court judicial decisions. 28 U.S.C. § 1257(a); *see also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 414–17, 44 S.Ct. 149, 149–51, 68 L.Ed. 362 (1923) (stating that the district court does not possess appellate jurisdiction over decisions of the state courts).

█ In *Feldman,* the Supreme Court distinguished between constitutional challenges to final judgments of a state court in judicial proceedings, over which the federal district court did not have subject matter jurisdiction, and constitutional challenges to a rule made by a state court in a legislative capacity, over which the district court did have subject matter jurisdiction. *Feldman,* 460 U.S. at 482–86, 103 S.Ct. at 1314–16. The only exception to this rule, now commonly known as the Rooker–Feldman doctrine, is where a federal statute authorizes federal appellate review of final state court decisions. *Fariello v. Campbell,* 860 F.Supp. 54, 65 (E.D.N.Y.1994). Section 1983 contains no such special authorization.

█ A plaintiff also "may not seek a reversal of a state court judgment simply by casting [her] complaint in the form of a civil rights action." *Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir.1993) (quoting *Hagerty v. Succession of Clement,* 749 F.2d 217, 220 (5th Cir.1984), *cert. denied,* 474 U.S. 968, 106 S.Ct. 333, 88 L.Ed.2d 317 (1985)). Constitutional claims raised pursuant to § 1983 that collaterally attack a state court judgment will not give federal district courts subject matter jurisdiction, if the § 1983 claims are "inextricably intertwined" with the state court judgment. *See Feldman,* 460 U.S. at 482–83 n. 16, 103 S.Ct. at 1316 n. 16. ("If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the district court is in essence being called upon to review the state-court decision"); *see also Ritter,* 992 F.2d at 753–54. Whether a federal claim is "inextricably intertwined" with a

282

state court judgment varies with the circumstances of a particular case. The crucial point, however, is whether in reality "the district court is ... being called upon to review the state-court decision." *Feldman,* 460 U.S. at 482–83 n. 16, 103 S.Ct. at 1316 n. 16. Where federal relief can only be predicated upon a decision that the state court was wrong, the § 1983 claim cannot, in substance, be viewed as anything other than a prohibited appeal of the state court judgment.

 The Rooker–Feldman doctrine has come to mean that, in the context of § 1983 actions, if the suit challenges a rule or statute relied upon by the state court on the grounds that the rule or statute is itself unconstitutional, then the federal court has subject matter jurisdiction to hear the case. *Fariello,* 860 F.Supp. at 66. If, however, the suit challenges the state court decision on the grounds that the state court's interpretation of a statute was unconstitutional, or that the state court committed a constitutional error in arriving at its decision, then no subject matter jurisdiction exists for the federal claim. *Id.*

In the present case, Plaintiff alleges that her constitutional rights were violated because the state court did not have personal jurisdiction over her and, therefore, deprived her of due process. (Compl. ¶¶ 13–18.) Similarly, Brooks–Jones claims that the New Jersey state court deprived her of her property by taking away her child support payments and her custodial rights in her son. (Compl. ¶¶ 19–30.) All of these claims rely on a determination of whether jurisdiction was proper in this case. It is this Court's view that in the present civil rights suit, the Court is "in essence being called upon to review the state court decision." *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. at 1316 n. 16. The constitutional claims by plaintiff are "inextricably intertwined" with the state court judgment and proceedings, because they "can succeed only to the extent that the state court wrongly decided the issues before it." *Fariello,* 860 F.Supp. at 66 (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987)).

CONCLUSION

 Under *Rooker,* this Court does not have the subject matter jurisdiction to hear a challenge to a state court's decision on the grounds that the state court's interpretation of a statute was unconstitutional. 263 U.S. at 414–15, 44 S.Ct. at 149–50. Such issues may not be raised before this court for review, but are to be raised in an appeal in the state court. Accordingly, the Complaint in this case must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of jurisdiction over the subject matter.

SO ORDERED.