# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2023

Lyle W. Cayce
Clerk

Summary Calendar
No. 22-30693

Latasha Sherman,

*Plaintiff—Appellant*,

*versus*

Karen P. Johnson; C P Commercial Properties, L.L.C.; Mackey Lane Properties, L.L.C.; Lighthouse Home Rentals,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CV-1309

_____

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Appellant Latasha Sherman filed suit against her landlord, Karen P. Johnson, and a group of commercial real estate companies, alleging that she was wrongfully evicted from Section 8 housing. The district court dismissed

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30693

her complaint, concluding that she had failed to state a claim upon which relief could be granted. For the following reasons, we AFFIRM.

First, on appeal, Appellant fails to address the issues raised by the district court. Arguments that are not raised on appeal are waived. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1045 n.7 (5th Cir. 1998). Specifically, the district court accepted the magistrate judge's report and recommendation that Sherman's attempts to challenge the outcome of the city court eviction proceedings were barred by the *Rooker-Feldman* doctrine; her attempts to assert claims against the private defendants failed because there was no basis upon which to conclude they were state actors who could be found liable under Section 1983; and her passing references to Section 8 housing regulations and unspecified executive orders failed to create federal question jurisdiction. In her brief, Appellant fails to address any of the foregoing issues. She has therefore "forfeited any challenge to the district court's primary holding that the allegations failed to state a plausible claim." *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 574 (5th Cir. 2021); *see also* FED. R. APP. P. 28(a)(8); *Jaco v. Garland*, 24 F.4th 395, 401 n.1 (5th Cir. 2021).

Even assuming Appellant adequately briefed the issue, Appellant cannot readjudicate her claims in federal court. Federal courts have limited jurisdiction. When a litigant loses in state court, they are barred from subsequently bringing that same claim in federal court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This is known as the *Rooker-Feldman* doctrine, which applies to eviction-related proceedings. *See Truong v. Bank of America*, 717 F.3d 377, 386 (5th Cir. 2013) (concluding that the district court had jurisdiction to hear Truong's claims, because they were "independent claims" for *Rooker-Feldman* purposes, as they had not yet been adjudicated by a state court); *Wells v. Ali*, 304 F. App'x. 292, 294 (5th Cir. 2008) (noting

No. 22-30693

that Wells' eviction-related claims had to be dismissed because they were merely attempts to relitigate in federal court). Because the state court entered judgment against Appellant, she is barred from subsequently bringing that same claim in federal court. Specifically, in her brief, Appellant alleges a violation of her due process rights under the Fourteenth Amendment and seeks reversal of the district court's judgement, which would require reversal of the state court's judgment. However, "a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir. 1984).

Accordingly, the judgment of the district court is AFFIRMED.