Charles REED and Roland Duty,
Plaintiffs-Appellants,

v.

James TERRELL, et al.,
Defendants-Appellees.

No. 84–1010.

United States Court of Appeals,
Fifth Circuit.

May 6, 1985.

Rehearing and Rehearing En Banc
Denied June 7, 1985.

Charles Reed, Pro Se.

Roland B. Duty, Pro Se.

Manamara & McNamara, LaNelle L. McNamara, Waco, Tex., for Terrell.

Naman, Howell, Smith & Lee, Larry O. Brady, Waco, Tex., for Raybold.

Mark White, Atty. Gen., Jerry L. Benedict, Asst. Atty. Gen., Austin, Tex., for Logue.

Hall & Kettler, Donald O. Hall, Waco, Tex., for Johnson.

Steven M. Smoot, Asst. Gen. Counsel, State Bar of Tex., Jerry L. Zunker, Austin, Tex., for State Bar of Tex.

Before RANDALL, JOHNSON, and GARWOOD, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiffs-Appellants Charles Reed and Roland Duty filed this suit under various statutory provisions, including 42 U.S.C. §§ 1983, 1985, and 1986. Reed and Duty claim that their constitutional rights of due process and equal protection were violated by the award of attorney's fees to defendants Terrell and Raybold, who were the attorneys representing the ex-wives of Reed and Duty in state court divorce and custody proceedings. Reed and Duty base this claim on their assertion that section 11.18(a) of the Texas Family Code, although neutral on its face,[1] is discriminatorily applied by Texas state courts against

---

1. That section provides:

In any proceeding under this subtitle, including, but not limited to, habeas corpus, enforcement, and contempt proceedings, the court may award costs. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

Tex.Fam.Code Ann. § 11.18(a) (Vernon Supp. 1984).

men. In addition to the two attorneys, the plaintiffs named as defendants the Honorable Bill Logue, Judge of the 19th State District Court (the state district judge who entered the orders complained of); Joe Johnson, District Clerk for McLennan County (the district clerk who filed the orders); and the State Bar of Texas.[2] Plaintiffs sought declaratory relief, injunctive relief, and damages. Plaintiffs particularly sought reversal of the state court awards of attorney's fees against them.

Defendants moved to dismiss. On October 24, 1983, the federal district court granted the defendants' motion to dismiss following a hearing. In granting the defendants' motion to dismiss, the district court noted:

> Plaintiffs' complaints are framed as civil rights actions attacking the constitutionality of the judgments entered against them in the State District Court and the constitutionality of the Texas statute which authorizes awards of attorneys' fees in domestic relations cases brought in Texas courts. Although the complaint is cast as an action seeking redress for civil rights violations, the essential relief sought is review and reversal of the state court's judgments against Plaintiffs. Plaintiffs were entitled to attack the constitutionality of the judgments and the statute authorizing the judgments through appeals in the Texas courts and through appeal or petition for writ of certiorari in the Supreme Court of the United States. Plaintiffs did not appeal from the judgments entered against them.... This Court does not have, nor should it take, jurisdiction of actions which seek to review judgments that should have been attacked directly in a state court.

In dismissing the plaintiffs' actions, the district court did not err. It is a well-settled principle that a plaintiff may not seek a reversal in federal court of a state court judgment simply by casting his complaint in the form of a civil rights action. *Hagerty v. Succession of Clement,* 749 F.2d 217, 220 (5th Cir.1984) (no jurisdiction to review state court judgment where appeal taken through state court system); *Sawyer v. Overton,* 595 F.2d 252 (5th Cir.1979). Moreover, the Supreme Court has stated that a "United States District Court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983).[3] While a losing party in state court proceedings may be able in some instances to sue in federal court to "mount[ ] a general challenge to the constitutionality" of a state statute or rule, *Feldman,* 460 U.S. at 483, 103 S.Ct. at 1316, no such situation is presented in the instant case. As the federal district court in the instant case noted, the "essential relief" sought by the plaintiffs is reversal of the state court award of attorney's fees against them. District Court op. at 1. Indeed, this Court's review of the record in the instant case reveals that the plaintiffs' suit is "patently an attempt to collaterally attack the validity of [the state court judgment]." *Almon v. Sandlin,* 603 F.2d 503, 506 (5th Cir.1979). *See also Kimball v. Florida Bar,* 632 F.2d 1283, 1284 & n. 3 (5th Cir.1980) (federal complaint, in essence, sought reversal of state court judgment although cast in form of general constitutional attack). A review of the plaintiffs' pleadings and arguments in the instant case reveals that this suit is "inex-

**2.** Plaintiffs alleged that materials published by the State Bar indicated a conspiracy by members of the State Bar to cause the provisions of the Texas Family Code concerning legal fees to be enforced in a discriminatory manner against men. Plaintiffs allege that such action constitutes a violation of the Sherman Act in that it overcharges one group of consumers to the benefit of another. There is no merit to this allegation.

**3.** Moreover, the Supreme Court has noted that "a petitioner's failure to raise his constitutional claims in state court does not mean that a United States District Court should have jurisdiction over the claims." *Feldman,* 460 U.S. at 482, n. 16, 103 S.Ct. at 1315 n. 16. Indeed, such failure may lead the party to "forfeit his right to obtain review of the state court decision in any federal court." *Id.*

tricably intertwined" with the state court's awards against the plaintiffs. *Feldman,* 460 U.S. at 483, n. 16, 103 S.Ct. at 1315, n. 16. Thus, the district court did not err in dismissing the instant suit for want of jurisdiction.

Accordingly, the judgment of the district court is

AFFIRMED.