**Pamela Rae DANIELS, Plaintiff,**

**v.**

**Honorable Thomas J. STOVALL, Jr., Honorable Bob Robertson, Master Steve Schweitzer, Honorable Max Boyer, Defendants.**

**Civ. A. No. H–86–2122.**

United States District Court,
S.D. Texas,
Houston Division.

May 13, 1987.

Pamela Rae Daniels, pro se.

Jerry L. Benedict, Asst. Atty. Gen., Tony Korioth, Austin, Tex., Ray Elvin Speece, Asst. Dist. Atty., Suzan Cardwell, Hill, Parker, Franklin, Cardwell & Jones, Clinard J. Hanby, Haynes & Fullenweider, James M. Sims, John W. Mahoney, Ann Hardy, Asst. Co. Attys., Pearson Grimes, Butler & Binion, Edward G. Murr, Guy S. Saulsberry, Joan Marie Bain, Brink & Associates, Herbert T. Schwartz, I.M. Tagaropulos, McQuary & Tagaropulos, Bernardo S. Garza, Callier & Garza, Houston, Tex., William B. Dawson, Richard A. Rohan, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for defendants.

Muriel H. Flake, pro se.

J. Timothy Sisk, The Woodlands, Tex., pro se.

## MEMORANDUM OPINION AND ORDER

HITTNER, District Judge.

Pending before this Court are numerous dispositive motions filed by some of the Defendants in this cause of action. Having considered the pleadings on file, the oral arguments and representations made on the record at the motion conference of November 24, 1986, and the law applicable thereto, the Court is of the opinion that this case must be DISMISSED as to certain actions for which Plaintiff has failed to state a claim upon which relief may be granted. This case must also be DISMISSED as to certain actions barred by the statute of limitations. Moreover, as to those actions not within the above categories, this case must be DISMISSED for lack of jurisdiction by this Court based on the well-established domestic relations exception.

## FACTUAL BACKGROUND

The Plaintiff, Pamela Rae Daniels, brings this suit against the Honorable Thomas J. Stovall, Jr., and numerous others claiming a violation of her civil rights. The majority of the Defendants are judicial officers, court-appointed officials, attorneys, and other individuals involved, directly and indirectly, in the divorce and child custody state court proceedings between the plaintiff and her former husband. Other defendants were joined in this suit based on allegations that they were directly involved in the Plaintiff's arrest on a mental health warrant and her subsequent two-week incarceration in a mental health facility. The Plaintiff's allegations as to the remainder of the Defendants are too vague and unintelligible for this Court to determine the exact nature or basis of her complaints.

## STATUTE OF LIMITATIONS

Some of the civil rights violations Plaintiff complains of stem from various activities that occurred on or before May 20, 1984. There being no federal statute of limitations specifically applying to civil rights violations, Plaintiff's section 1983 claims are governed by a two-year statute of limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986); *Ervin v. Lanier*, 404 F.Supp. 15 (E.D.N.Y.1975) (citing *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914)). It is clear that a *pro se* plaintiff can no more maintain an action barred by the statute of limitations than can any other plaintiff. *Ervin*, 404 F.Supp. at 21. Since Plaintiff did not file this action until May 20, 1986, any claims arising out of any incidents occurring on or before May 20, 1984, are barred from redress. It is therefore ORDERED that allegations against the following Defendants be DISMISSED because their alleged in-

volvement in this cause of action occurred on or before May 20, 1984: James E. Tatum; Spring Shadows Glen Hospital; City of Katy Police Department; Police Chief Pat Adams; Captain Buddy Frazier; Officer Will Meyers; and Justice of the Peace Howard Wayland.

## JUDICIAL IMMUNITY

■ The Plaintiff also asserts allegations against eleven judicial officers. It is well settled that a judge has absolute immunity for damages for judicial acts performed within his/her jurisdiction. *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir.1986) (citing *Randall v. Brigham,* 74 U.S. (7 Wall) 523, 19 L.Ed. 285 (1869)). "The doctrine of judicial immunity extends to all acts performed by judges in their judicial capacity and is a valid defense to a civil rights action under 42 U.S.C. § 1983." *Shean v. White,* 620 F.Supp. 1329, 1330 (N.D.Tex.1985). Because Plaintiff's allegations against ten of the judicial officers deal directly with their acts within the scope of their judicial capacity, and do not allege any conduct beyond their authority, it is hereby ORDERED that Plaintiff's allegations be DISMISSED as to the following defendants: Judge Thomas J. Stovall, Jr., Judge Bob Robertson, Judge Bill Elliott, Judge Max Boyer, Judge Dean Huckabee, Judge Herman Gordon, Judge R.L. Longoria, Judge Arthur Lesher, Judge Allen Daggett, and Family Court Master Steve Schweitzer.

The Court notes that, were it not for the statute of limitations having run, the Plaintiff might assert a cause of action for violation of her civil rights as to Justice of the Peace Howard Wayland. Plaintiff was temporarily incarcerated in a mental health facility based upon a mental health warrant issued by Judge Wayland. The mental health warrant was issued upon the rubber stamped signature of Judge Wayland. According to an affidavit, dated December 17, 1986, filed with this Court by Judge Wayland, he has no independent recollection of the Plaintiff appearing before him on May 28, 1983, and has no notes or recollection as to whether he personally talked with the Plaintiff or the peace officers requesting the warrant. The Judge states that he had authorized his court clerk, James Olsen, to issue some mental health warrants and affix his rubber stamped signature thereto. The Judge's affidavit states he exercised such authority based on Texas law and Attorney General opinions which indicated use of a rubber stamped signature was permissible. The Judge's sworn statement then concludes by stating that such mental health warrants would be reviewed and adopted by him the next business day.

■ The improper use of rubber stamped signatures is of serious concern to this Court as a possible abuse of due process. The leading case in Texas on rubber stamped signatures is *Stork v. State,* 141 Tex.Cr.R. 398, 23 S.W.2d 733 (1930). In that case, a justice of the peace's rubber stamped signature to a search warrant was held to be proper. In *Stork,* the magistrate *in person* took the affidavits of peace officers and then affixed his rubber stamped signature to the document. The Texas Attorney General's opinion relied upon by Judge Wayland, which specifically addressed criminal cases, made the following conclusion:

> A judge may "sign" a document by allowing another person to place a mark on a document that constitutes the judge's approval of the document only if the other person does so *in the presence of and under the direction of the judge.*

Op.Tex.Att'y Gen. No. JM–373 (1985) (emphasis added). It is clear to this Court that the use of a rubber stamped signature is acceptable *only* when used in the presence of the judge and under the direction of the judge. Such authority may not be vested in a clerk of the court or any other person unless that person is acting at the direction of the judge and in the judge's presence. The affidavit of Wayland states he gave authority to his court clerk to use the facsimile signature and he would "adopt" the documents the next business day. This strongly implies that his clerk may have issued warrants by affixing a rubber stamped signature at a time when the judge was not actually present.

A judge acting in such a manner would not be shielded by judicial immunity. The Fifth Circuit has set forth four factors relied upon to determine if an act is "judicial": (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) *whether the acts arose directly out of a visit to the judge in his official capacity.* *Adams v. McIlhany,* 764 F.2d 294, 297 (5th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 883, 88 L.Ed.2d 918 (1986) (citing *McAlester v. Brown,* 469 F.2d 1280, 1282 (5th Cir.1972)). While it is accepted that judicial immunity must be very broadly construed, a judge is not entitled to claim judicial immunity when he has not acted within the boundaries of the *McAlester* factors. The fourth of the McAlester factors, in accord with *Stork* and the 1985 Texas Attorney General's opinion, requires the judge's physical presence. Judge Wayland, in permitting the use of his rubber stamped signature outside of his presence, acted beyond the scope of his judicial authority and is thus not protected by judicial immunity. Were it not that the Plaintiff's complaint of a deprivation of her civil rights is barred by the statute of limitations, she could have asserted her claim against Judge Wayland and his clerk.

## FAMILY LAW ABSTENTION

The Plaintiff also complains of incidents which occurred during 1984 and 1985 which arose out of a divorce and custody suit in the 308th Judicial District Court of Harris County, Texas, Cause No. 83–70441. There is a well-established policy that federal courts should abstain from exercising jurisdiction in domestic relations cases. Issues of domestic relations are within the province of state courts rather than the federal courts. *Reed v. Terrell,* 759 F.2d 472 (5th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 343, 88 L.Ed.2d 290 (1985); *Franks v. Smith,* 717 F.2d 183, 185 (5th Cir.1983) (citing *Ex parte Burrus,* 136 U.S. 586, 593–94, 10 S.Ct. 850, 852–53, 34 L.Ed.

500 (1890)). The Plaintiff's claims against certain Defendants are so enmeshed in her domestic relations controversy, which is properly within the province of the state court, that the exercise of the federal district court's jurisdiction would be improper. *Goins v. Goins,* 777 F.2d 1059, 1063 (5th Cir.1985). The Fifth Circuit has expressly held that a litigant may not circumvent the domestic relations exception and seek federal resolution of a state court domestic matter by filing a complaint in the lower federal courts "cast in the form of civil rights suits." *Hale v. Harney,* 786 F.2d at 690–91. Based on the domestic relations exception to the exercise of federal jurisdiction, the Court finds this is an appropriate case for abstention. It is therefore ORDERED that all claims against the following Defendants be DISMISSED as being within the federal domestic relations exception: Haynes and Fullenweider, P.L.C., Brenda Keen, Charles Brink, Charles J. Brink and Associates, P.C., Deborah Wolin, Dr. Elizabeth Bratteng, Muriel Flake, Dr. Barbara Feldkins, Phoebe Lester, Susan Wyble, Kay Scoggins, Family Court Services, Roman Forest Police Department, David Kirkland, Mary Craft, Jeanne Lawson, Bryan Lawson, James Russell Daniels, and J. Timothy Sisk.

## FAILURE TO STATE A COGNIZABLE CLAIM

Finally, as to some Defendants, Plaintiff's claims are so vague, and even non-existent, that Plaintiff cannot be said to have stated a claim. The Fifth Circuit has agreed with the Ninth Circuit's statement that the "unflagging obligation" of the federal courts to exercise their jurisdiction "is particularly weighty when those seeking a hearing in federal court are asserting ... their right to relief under 42 U.S.C. § 1983." *Signad, Inc. v. City of Sugar Land,* 753 F.2d 1338, 1340 (5th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985) (quoting *Tovar v. Billmeyer,* 609 F.2d 1291, 1293 (9th Cir.1979), *cert. denied,* 469 U.S. 872, 105 S.Ct. 223, 83 L.Ed.2d 152 (1984)).

Keeping in mind the court's "unflagging obligation" to carefully consider Plaintiff's section 1983 claim and Plaintiff's status as a *pro se* litigant, a careful review has been made of the pleadings as to the alleged violations. Generally, a section 1983 claim requires a showing of conduct committed under color of state law which has deprived a plaintiff of any right, privilege, or immunity secured by the United States Constitution and laws. *Angel v. City of Fairfield,* 793 F.2d 737, 738 (5th Cir.1986). "Private acts or conduct may engender liability under 42 U.S.C.A. § 1983 if the individual is a willing participant in joint action with the state or its agents." *Hale v. Harney,* 786 F.2d at 690. The claimant must state specific facts and not mere conclusory allegations to substantiate a claim for relief under section 1983. *Id.; Elliot v. Perez,* 751 F.2d 1472, 1479 (5th Cir.1985).

Plaintiff has failed to allege with specificity any facts to show that Defendants Walter Jessel, Bob Alexander, Jo Ann Wright, Jo Board, B.E. (Billie Eugene) Daniels, Dennis Beck, Bobby E. Lawson, Bobby Neuman, Acta Investigative Agency, Sheriff Johnny Klevenhagen, John B. Holmes, Jr., Richard Mason, and Edward P. Porter willingly *acted in conjunction with the state* to deprive her of her constitutional or civil rights. In fact, the pleadings are impermissibly vague as to *any* acts or omissions by these Defendants which may have caused any harm to the Plaintiff.

It is therefore ORDERED that the following Defendants, in addition to all other Defendants which may have been dismissed for other reasons cited herein, be, and are hereby, DISMISSED: Walter Jessel, Bob Alexander, Jo Ann Wright, Jo Board, B.E. (Billie Eugene) Daniels, Dennis Beck, Bobby E. Lawson, Bobby Neuman, Acta Investigative Agency, Sheriff Johnny Klevenhagen, John B. Holmes, Jr., Richard Mason, and Edward P. Porter.

All Defendants in this action having been dismissed, it is therefore ORDERED that this case be, and is hereby, DISMISSED for the reasons cited above.

## SANCTIONS

Fed.R.Civ.P. 11 clearly states that the pleadings of a party must be well grounded in fact and warranted by existing law or a good faith argument for legal development. Rule 11 additionally requires that the pleader's belief be one formed after reasonable inquiry. The bulk of Plaintiff's claims asserted in this action are frivolous and merit sanctions pursuant to Rule 11.

Additionally, Plaintiff has filed numerous motions to strike defendants' pleadings pursuant to Local Rule 1D.[1] It is on the record that the Plaintiff did not make any inquiry as to whether counsel for Defendants were admitted to practice before this Court pursuant to Local Rule 1D before Plaintiff filed her Motions to Strike the pleadings on that ground. The Court finds the Plaintiff's filing of these motions to be solely for the purpose of harassment, resulting in unnecessary expense for the Defendants and unnecessary delay for the Court.

At the motion hearing before this Court on November 24, 1986, all Defendants who wished to do so were given an opportunity to file statements itemizing expenses and attorney's fees incurred in defending their interest in this case.[2] Based on the affidavits submitted, the Court finds that sanctions are appropriate as follows.

It is ORDERED that the following Defendants are to be compensated by Plaintiff for their costs and attorney's fees incurred in defending their interest in this

---

1. Local Rule 1D of the United States District Court for the Southern District of Texas provides: "List of Attorneys to be Kept at Each Division. The Clerk shall keep at each Division of the Court, a complete list of all attorneys who have been admitted to practice before the Court."

2. No expenses are being allowed as to those Defendants whose alleged involvement in this case relates to the Plaintiff's incarceration in the mental health facility. This Court will not characterize the Plaintiff's claims as to her confinement to be frivolous or harassing as it appears Plaintiff may have been confined pursuant to a defective mental health warrant.

cause of action in the amounts set forth below:

| | |
|---|---|
| Jo Board | $ 950.00 |
| B.E. Daniels | $ 265.48 |
| Elizabeth Bratteng, M.D. | $2,506.08 |

As an additional nonmonetary sanction, it is further ORDERED that Pamela Rae Daniels shall not file with this Court any further causes of action until all monetary sanctions imposed have been paid in full and satisfactory proof thereof has been furnished. *See Farguson v. MBank Houston, N.A.,* 808 F.2d 358 (5th Cir.1986).