**Jo Ann PHINIZY, Plaintiff–Appellant,**

v.

**STATE OF ALABAMA, et al.,
Defendants–Appellees.**

No. 88–1033
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 21, 1988.

Jo Ann Phinizy, pro se.

R. David Christy, Asst. Atty. Gen., Montgomery, Ala., for State of Ala., et al.

Brian P. Quinn, Lubbock, Tex., for Proctor and Lawrence County and Malcom.

Before RUBIN, REAVLEY, and SMITH, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Jo Ann Phinizy seeks to nullify a 1982 judgment entered by an Alabama county probate court. She alleges that the probate judge and other defendants deprived her and her relative, the late Catherine Ussery, of due process and equal protection when the probate judge declared Ussery incompetent and appointed a guardian. This is the third lawsuit, and the second in federal court, that Phinizy has filed in an effort to overturn the incompetency determination. After the district court had dismissed the case for lack of subject-matter jurisdiction, Phinizy moved to transfer the case to federal district court in Alabama. That court, however, would no more have jurisdiction over this obvious collateral attack on the probate court judgment than did the district court that is asked to trans-

---

fer the case, and we therefore affirm the denial of the motion.

The Probate Court of Lawrence County, Alabama declared Catherine Ussery incompetent and appointed a guardian in 1982. Phinizy, trustee of a trust that Ussery had created unsuccessfully brought suit in a Lawrence County circuit court in an attempt to nullify the guardianship proceeding. Displeased with the outcome, she then filed suit in the United States District Court for the Northern District of Alabama against the probate judge, the prior chairman of the county commissioners, and Alabama's attorney general. She sought to have the "inquisition declared null and void." The "incompetency inquisition" of Ussery, the complaint in federal court stated, was fraught with defect, the sum of which denied Phinizy and Ussery due process. The district court dismissed the case for failure to state a claim for which relief could be granted. Phinizy appealed to the United States Court of Appeals for the Eleventh Circuit, which affirmed the trial court and later denied rehearing.

Phinizy next moved the Alabama federal district court to "vacate and set aside an order entered in the Probate Court of Lawrence County, Alabama, on May 4, 1982." The district court intimated that this sought what had been previously requested and denied. It based its refusal to act, however, not on res judicata but on lack of subject-matter jurisdiction.

Approximately two months later, Phinizy filed this third complaint, resorting to a federal court in her home state of Texas. She added the State of Alabama as a defendant but sought the same relief—nullification of the probate court judgment, money damages, and the return of certain property—alleging violations of due process and equal protection. The due process claim rests on an asserted lack of jurisdiction of the probate court to declare Ussery incompetent, failure to serve citation, and insufficiency of the evidence. The equal protection claim is not further described.

The district court in September 1986 dismissed the case for lack of subject-matter jurisdiction. Phinizy did not appeal. Approximately fifteen months later, however, in December 1987, she filed a "petition ... to transfer jurisdiction under 28 U.S.C. § 1631" and, implicitly, to modify the September 1986 dismissal by making such a transfer. Perhaps thinking that the district court's order had rested on lack of jurisdiction over the parties or on improper venue, she sought to transfer the case to the United States District Court for the Southern District of Alabama "in Birmingham." The district court denied this motion, stating that it "ha[d] previously ruled on these matters and here again denies relief." Phinizy appeals this denial.

Section 1631, a provision of the Federal Courts Improvement Act of 1982,[1] grants broad transfer powers to federal courts. It provides in relevant part that, in a civil action or appeal, "if the court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." A transfer therefore is appropriate if (1) the transferee court would have had jurisdiction had the case been brought there at the time it was filed and (2) the transfer would serve the interest of justice.[2]

Phinizy's action satisfies neither of these requirements. The federal district court in Texas correctly held that it lacked subject-matter jurisdiction over her complaint. Phinizy patently attempted to obtain reversal of the Alabama probate court's judgment simply by casting her complaint as a federal civil rights action. The federal courts have no subject-matter jurisdiction to review the state-court judgment in this manner, as we held in *Reed v. Terrell*,[3] following the direction of the Supreme Court in *District of Columbia*

1. Pub.L. 97–164, Title III, § 301(a), 96 Stat. 55.

2. *See In re Exclusive Industries Corp.*, 751 F.2d 806, 808–09 (5th Cir.1985).

3. 759 F.2d 472, 473 (5th Cir.1985).

*Court of Appeals v. Feldman.*[4] Phinizy mounts no "general challenge" to the constitutionality of the rules under which the probate court proceeded, a challenge that, under *Feldman,* might have successfully invoked the district court's jurisdiction.[5] Instead she argues that the probate court's conduct of the incompetency proceeding denied her due process, and this claim is obviously "inextricably intertwined" with the probate court's judgment in that proceeding.[6] Her avenue of review, therefore, was through the Alabama state court system to the United States Supreme Court.[7] We find no indication from the record that Phinizy lacked a reasonable opportunity to raise her federal claims in state proceedings.[8]

If the federal district court in Texas lacked subject-matter jurisdiction on this basis, then obviously the federal district court for the Southern District of Alabama likewise would have lacked jurisdiction had Phinizy filed her complaint there. The district court, therefore, correctly denied the motion to transfer.

Nor would a transfer serve the interests of justice. Phinizy presented substantially the same allegations to the Alabama circuit court, then the federal district and appellate courts in the Eleventh Circuit, and finally to the federal courts of this circuit. We will not encourage her to proceed from court to court, hoping that one eventually will disregard principles of res judicata and rule in her favor.

For these reasons, we AFFIRM the district court's judgment.

**4.** 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983).

**5.** *Id.* at 486, 103 S.Ct. at 1317.

**6.** *Id.* at 483 n. 16, 103 S.Ct. at 1315 n. 16; *Reed,* 759 F.2d at 473–74.

**7.** *See Feldman,* 460 U.S. at 482, 103 S.Ct. at 1315.

**8.** *See, e.g., Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir.1983).

