**Richard H. HOLEMAN, Plaintiff,**

v.

**Judge Bill ELLIOTT, Defendant.**

**Civ. A. No. H–88–784.**

United States District Court,
S.D. Texas,
Houston Division.

March 8, 1990.

Richard Harold Holeman, Bacliff, Tex., pro se.

No appearance for defendant.

## ORDER

HITTNER, Judge.

Pending before this Court is the Motion to Dismiss of Defendant Judge Bill Elliott (Document # 5). Having considered Defendant's motion and the submissions of the parties and the applicable law, the Court concludes that Defendant's motion should be, and hereby is, granted.

### Facts

Plaintiff filed this action under 42 U.S.C. § 1983 seeking damages and injunctive relief against State District Judge Bill Elliott, Judge of the 311th Judicial District of Texas. The Court gleans from Plaintiff's complaint that Plaintiff was a litigant before Judge Elliott in a family law matter. Plaintiff asserts that Judge Elliott presided over ex parte hearings which resulted in the restriction of Plaintiff's child visitation rights. Accordingly, Plaintiff alleges that his due process rights were infringed. Plaintiff seeks actual damages and an injunction precluding Judge Elliott from holding future ex parte hearings in this matter.

Judge Elliott seeks dismissal on a number of grounds. In granting dismissal, the Court need only address two: judicial immunity and abstention. Plaintiff asserts that Defendant deprived him of his constitutional rights by holding ex parte hearings. A judicial officer is absolutely immune from civil suits for damages resulting from any "judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany,* 764 F.2d 294, 297 (5th Cir.1985), *cert. denied,* 474 U.S. 1101, 106 S.Ct. 883, 88 L.Ed.2d 918 (1986). Even if Judge Elliott held the alleged ex parte hearings in the course of family law proceedings, his actions would not have occurred in the absence of all jurisdiction. Thus, the judge is immune from Plaintiff's claim for damages.

The doctrine of judicial immunity does not, however, shield a judge from injunctive relief in a suit under section 1983. *See Pulliam v. Allen,* 466 U.S. 522, 542, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984) ("judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his judicial capacity"). Nonetheless, Plaintiff's claim for injunctive relief must be dismissed for two reasons. First, "there is a well established policy that federal courts should abstain from exercising jurisdiction in domestic relations cases." *Daniels v. Stovall,* 660 F.Supp. 301, 304 (S.D.Tex.1987). Plaintiff argues a cause of action challenging the family court rulings that allegedly restricted his visitation rights. Plaintiff has not attacked the constitutionality of the rules or statutes governing the family court's procedures. *See Phinizy v. State of Alabama,* 847 F.2d 282, 284 (5th Cir.1988) (attack on constitutionality of rules governing state court procedures might invoke federal court's jurisdiction). Instead, Plaintiff's claims against Judge Elliott are "enmeshed" in the underlying domestic relations controversy, which is a state—not federal—concern. *See Phinizy,* 847 F.2d at 284 (intertwining of constitutional claim with substance of probate court judgment deprives federal court of jurisdiction); *Reed v. Terrell,* 759 F.2d 472, 473–74 (5th Cir.) ("suit is 'inextricably intertwined' with state court award against the plaintiffs"), *cert. denied,* 474 U.S. 946, 106 S.Ct. 343, 88 L.Ed.2d 290 (1985).

Second, Plaintiff's claims are merely collateral attacks on the state court's judgment in the guise of a civil rights action. Plaintiff is, in essence, seeking a reversal in federal court of a state court judgment. This Court does not have jurisdiction to review the constitutionality of a judgment rendered in state court. *See Reed,* 759 F.2d at 473. Plaintiff's proper course of action is to appeal the family court's ruling through the Texas state appellate courts to the United States Supreme Court. *See Phinizy,* 847 F.2d at 284. It is therefore ordered that Defendant's motion to dismiss be granted.