59 F.3d 164
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Michael T. ROSSMAN, Plaintiff, Appellant,
v.
OFFICE OF THE CHIEF JUSTICE, et al., Defendants, Appellees.
 No. 95-1336.
 United States Court of Appeals,
First Circuit.
 July 5, 1995.
 
 Michael T. Rossman on brief pro se.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Complaining about a scheduling order, which reassigned his case from Cambridge to Concord without notice or hearing, plaintiff filed the present civil rights action. Plaintiff contends that he has been denied due process in the state court. Plaintiff emphasizes that he is not challenging the ruling itself-that is, the correctness of the scheduling order-but, rather, the lack of process-the absence of notice and hearing. This distinction, he seems to believe, immunizes his case from dismissal under the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). We disagree. See Phinizy v. Alabama, 847 F.2d 282, 284 (5th Cir. 1988) (claim that probate court's conduct of proceedings denied plaintiff due process was inextricably intertwined with probate court's judgment; consequently, under Rooker-Feldman, lower federal court lacked subject matter jurisdiction over the challenge).
 
 
 2
 Affirmed. See 1st Cir. R. 27.1.