USCA1 Opinion

 

 July 5, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1336 MICHAEL T. ROSSMAN, Plaintiff, Appellant, v. OFFICE OF THE CHIEF JUSTICE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ____________________ Before Torruella, Chief Judge, ___________ Selya and Lynch, Circuit Judges. ______________ ____________________ Michael T. Rossman on brief pro se. __________________ ____________________ ____________________ Per Curiam. Complaining about a scheduling order, __________ which reassigned his case from Cambridge to Concord without notice or hearing, plaintiff filed the present civil rights action. Plaintiff contends that he has been denied due process in the state court. Plaintiff emphasizes that he is not challenging the ruling itself -- that is, the correctness of the scheduling order -- but, rather, the lack of process - - the absence of notice and hearing. This distinction, he seems to believe, immunizes his case from dismissal under the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 ______________ ______ ___________________ U.S. 413 (1923); District of Columbia Court of Appeals v. _______________________________________ Feldman, 460 U.S. 462 (1983). We disagree. See Phinizy v. _______ ___ _______ Alabama, 847 F.2d 282, 284 (5th Cir. 1988) (claim that _______ probate court's conduct of proceedings denied plaintiff due process was inextricably intertwined with probate court's judgment; consequently, under Rooker-Feldman, lower federal ______________ court lacked subject matter jurisdiction over the challenge). Affirmed. See 1st Cir. R. 27.1. ________ ___