[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-1388

 ROBERT P. MURPHY,
 Plaintiff, Appellant,

 v.

 PAUL BARNICLE, ET AL.,
 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges.

 

Robert P. Murphy on brief pro se.
Merita A. Hopkins, Corporation Counsel, and Dawna McIntyre,
Assistant Corporation Counsel, City of Boston Law Department, on brief
for appellee Paul Barnicle.
Scott Harshbarger, Attorney General, and Susanne G. Levsen,
Assistant Attorney General, on brief for appellee James Larkin.

 

 May 6, 1998
 

 Per Curiam. Appellant Robert F. Murphy appeals from
the dismissal of his complaint. A careful review of the record
and the parties' briefs, however, reveals that the dismissal
was warranted. We therefore affirm the judgment of the
district court for essentially the reasons stated in its
Memorandum and Order, dated February 24, 1997. We add only the
following comments.
 1. In claiming that the alleged perjury during the
probate case violated his constitutional rights, appellant
essentially is seeking federal review of the state court
proceedings. That is, even if appellant is not attacking any
specific orders of the probate court, his claim nonetheless is
"inextricably intertwined" with that court's proceedings. This
civil action may not be used as a vehicle to obtain federal
review in the lower federal courts of the state probate court
decision. Appellant's recourse lies within the state appellate
system. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);
District of Columbia Court of Appeals v. Feldman, 460 U.S. 462
(1983). See also Phinizy v. State of Alabama, 847 F.2d 282,
284 (5th Cir. 1988) (the claim that a probate court's conduct
of a proceeding denied plaintiff due process is barred by the
Rooker-Feldman doctrine; plaintiff's remedy was to appeal
through the state court system).
 2. A review of the record also reveals that the
district court did not abuse its discretion in denying
appellant's motion for the appointment of counsel. SeeDesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991)
(requiring exceptional circumstances).
 3. We do not reach appellant's challenge to the
district court's order to pay costs because the district court
never assessed a specific dollar amount against appellant. 
Therefore, there is nothing for this court to review.
 The judgment of the district court is affirmed in all
respects. However, we modify the judgment of dismissal to be
without prejudice as to the 1983 claims relating to the
criminal trial only. See Guzman-Rivera v. Rivera-Cruz, 29 F.3d
3, 6 (1st Cir. 1994). The dismissal of the state claims
remains without prejudice and the dismissal of the remainder of
the federal claims remains with prejudice.