USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 ____________________

No. 97-1388
 

 ROBERT P. MURPHY,
 Plaintiff, Appellant,
 
 v.
 
 PAUL BARNICLE, ET AL.,
 Defendants, Appellees.
 
 ____________________
 
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. Robert E. Keeton, U.S. District Judge]
 
 ____________________
 
 Before
 
 Boudin, Stahl and Lynch,
 Circuit Judges.
 
 ____________________
 
 Robert P. Murphy on brief pro se.
 Merita A. Hopkins, Corporation Counsel, and Dawna McIntyre,
Assistant Corporation Counsel, City of Boston Law Department, on brief
for appellee Paul Barnicle.
 Scott Harshbarger, Attorney General, and Susanne G. Levsen,
Assistant Attorney General, on brief for appellee James Larkin.
 

 ____________________

 May 6, 1998
 ____________________

 Per Curiam. Appellant Robert F. Murphy appeals from
 the dismissal of his complaint. A careful review of the record
 and the parties' briefs, however, reveals that the dismissal
 was warranted. We therefore affirm the judgment of the
 district court for essentially the reasons stated in its
 Memorandum and Order, dated February 24, 1997. We add only the
 following comments.
 1. In claiming that the alleged perjury during the
 probate case violated his constitutional rights, appellant
 essentially is seeking federal review of the state court
 proceedings. That is, even if appellant is not attacking any
 specific orders of the probate court, his claim nonetheless is
 "inextricably intertwined" with that court's proceedings. This
 civil action may not be used as a vehicle to obtain federal
 review in the lower federal courts of the state probate court
 decision. Appellant's recourse lies within the state appellate
 system. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);
 District of Columbia Court of Appeals v. Feldman, 460 U.S. 462
 (1983). See also Phinizy v. State of Alabama, 847 F.2d 282,
 284 (5th Cir. 1988) (the claim that a probate court's conduct
 of a proceeding denied plaintiff due process is barred by the
 Rooker-Feldman doctrine; plaintiff's remedy was to appeal
 through the state court system).
 2. A review of the record also reveals that the
 district court did not abuse its discretion in denying
 appellant's motion for the appointment of counsel. SeeDesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991)
 (requiring exceptional circumstances).
 3. We do not reach appellant's challenge to the
 district court's order to pay costs because the district court
 never assessed a specific dollar amount against appellant. 
 Therefore, there is nothing for this court to review.
 The judgment of the district court is affirmed in all
 respects. However, we modify the judgment of dismissal to be
 without prejudice as to the 1983 claims relating to the
 criminal trial only. See Guzman-Rivera v. Rivera-Cruz, 29 F.3d
 3, 6 (1st Cir. 1994). The dismissal of the state claims
 remains without prejudice and the dismissal of the remainder of
 the federal claims remains with prejudice.