Martin v. Corrections                   CV-00-226-JD  03/21/01
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Ronald Martin

      v.                             Civil No. 00-226-JD
                                     Opinion No. 2001 DNH 053
Commissioner, New Hampshire
Department of Corrections, et al.


                            O R D E R


      The plaintiff, Ronald Martin, proceeding pro se and in forma

pauperis, brings a civil rights action challenging the medical

care that he has received at the New Hampshire State Prison and

seeking declaratory and injunctive relief and damages.  The

defendants move to dismiss the complaint on the grounds that the

claims are barred by claim and issue preclusion, Eleventh

Amendment immunity, and the plaintiff's failure to plead a

factual basis for supervisory liability.  The plaintiff agrees

that his claims against the Commissioner of the Department of

Corrections and the Warden are to be construed as official

capacity claims against the Department of Corrections.  Martin

also agrees to dismiss his claims against Dr. Stefan Eltgroth,

and Dr. Mark Johnson.  The plaintiff otherwise objects to the

defendants' motion.

## Background

The plaintiff filed his complaint on May 8, 2000, alleging that he had not been properly treated for his heart condition and naming the commissioner, the warden, several doctors, a nurse, and the prison dietician as defendants. He alleges that he had a heart condition that was treated with medication when he entered the prison in 1993. In 1998, he alleges that his heart condition worsened and that after he suffered a heart attack, he underwent cardiac bypass surgery at Catholic Medical Center in April of 1998.[1] He contends that he was not properly treated before and after surgery by the prison officers and medical staff.

He also contends that in 1999, after he underwent a stress test with an abnormal result, the attending surgeon recommended that he have surgery as soon as possible, and that the defendants ignored that recommendation. He further alleges that his condition continues to worsen, causing him to pass out and to have pain. He claims that the defendants' conduct was negligent and demonstrated deliberate indifference to his serious medical need in violation of the Eighth Amendment.

The defendants move to dismiss the plaintiff's claims in

---

[1]In his objection to the defendants' motion to dismiss, the plaintiff indicates that his surgery was in June of 1997, rather than 1998, and that the stress test was done in October of 1998.

2

part based on the preclusive effect of the plaintiff's state court proceeding, <u>Martin v. Warden Cunningham</u>, Docket No. 00-E-156. The defendants submit copies of the plaintiff's petition for a writ of habeas corpus and motion for injunctive relief filed in state court and dated May 16, 2000; the defendant's motion to dismiss and objection to injunctive relief and memorandum, and the court's decision in that proceeding. The plaintiff also submits copies of the pertinent documents from the state court proceeding attached to his objection to the defendants' present motion to dismiss.

In his petition and motion in the state court proceeding, the plaintiff stated that he was attacking the conditions of his confinement based on the prison's failure to treat his coronary condition when he entered prison and their continuing failure to adequately respond to his known medical needs. He stated that his condition was worsening and that it was a life threatening situation. He claimed Eighth Amendment violations, among other things, and sought immediate treatment based upon the alleged recommendation that he receive immediate surgery.

On June 28, 2000, Judge Robert E. K. Morrill, Merrimack County Superior Court, issued the following order:

> An inmate at the New Hampshire State Prison, petitioner, has filed a petition for a writ of habeas corpus and for injunctive relief. He complains about

3

his medical treatment. He suffers from coronary artery disease and, in June of 1997, underwent coronary bypass surgery. As a follow-up, in October of 1998, the Prison scheduled a treadmill stress test at the Lahey Hitchcock Clinic. The results were abnormal, and the defendant claims that the doctor conducting the test warned him that he required another bypass operation immediately. Based on the petitioner's medical records, his claim is false. The physician who conducted the stress test merely recommended that the Prison medical staff "to follow" [sic] the petitioner. The Prison has adequately dealt with the petitioner's coronary artery disease by prescribing medication, a special diet, placing him on light duty, and examining him four times a year at the Cardiac Care Unit.

Both petitions are dismissed.

Pl. Ex. F (Martin, No. 00-E-156 (June 28, 2000)). The plaintiff does not indicate whether he filed an appeal of the court's decision.

In his objection to the defendants' motion to dismiss in this case, the plaintiff challenges the affidavit submitted by the chief of the medical department in the state proceeding and alleges new facts and incidents in support of his claims. He states that Judge Morrill was not aware of the new facts and argues that Judge Morrill's decision was erroneous. The plaintiff also states that he was scheduled for further cardiac surgery in February of 2001.

4

Discussion

The state court proceeding raises a question of subject matter jurisdiction that the court is obligated to raise and resolve sua sponte because the defendants have failed to raise the issue.  See In re Healthco Int'l, Inc., 136 F.3d 45, 50 n.4 (1st Cir. 1998).  Under the Rooker-Feldman doctrine, the federal district court lacks subject matter jurisdiction to consider claims that are inextricably intertwined with a state court ruling.[2]  See Sheehan v. Marr, 207 F.3d 35, 439-40 & n.4 (1st Cir. 2000).  "A federal claim is inextricably intertwined with the state-court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'"  Id. at 440 (quoting Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)).  The proper recourse for a litigant in state court is through the state appellate process and then to the Supreme Court, if necessary, because the lower federal courts lack jurisdiction to consider whether a state court decided a matter fairly or correctly.  See, e.g., Young v. Murphy, 90 F.3d 1225, 1231 (7th Cir. 1996); Phinizy v. Alabama, 847 F.2d 282, 284 (5th Cir. 1988).  In other words, a party is barred from seeking

[2]See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

5

appellate review of a state court decision in this court.  See Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).

Since the same issues pertaining to the plaintiff's medical treatment in prison were raised and decided in the state court proceeding, the plaintiff's claims in this case are inextricably intertwined with the state court ruling.  The plaintiff could succeed in his civil rights claims here only to the extent that this court would find that Judge Morrill's ruling was erroneous. The Rooker-Feldman doctrine bars such review.  As a result, this court lacks subject matter jurisdiction to consider the plaintiff's claims.

## Conclusion

The court dismisses the case for lack of subject matter jurisdiction.  The defendants' motion to dismiss (document no. 7) is denied as moot.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

March 21, 2001

cc:  Ronald Martin, pro se
     N.H. Attorney General

6